**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50899**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 31, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SETH LEVI CERVIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Susie Jensen, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault, and concurrent 180 days for driving under the influence and obstructing an officer, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Seth Levi Cervin pled guilty to an amended charge of aggravated assault, Idaho Code § 18-905; misdemeanor driving under the influence, I.C. § 18-8004; and misdemeanor obstructing an officer, I.C. § 18-701. In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a unified term of five years with three years determinate for aggravated assault and concurrent 180 days on the misdemeanor charges. Cervin filed an Idaho Criminal Rule 35 motion, which the district court denied. Cervin appeals asserting that the district court abused

1

its discretion by not placing him on probation, and further asserts that the district court abused its discretion by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Next, we review whether the district court erred in denying Cervin's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Cervin's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Cervin's judgment of conviction and sentences, and the district court's order denying Cervin's Rule 35 motion, are affirmed.